**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SHEHAN WIJESINHA, individually and on behalf of all others similarly-situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DIRECTV, LLC, a foreign limited liability company, | ) ) ) |
| Defendant | ) ) |

**CLASS ACTION COMPLAINT**

1.  Shehan Wijesinha ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of DirecTV, LLC ("Defendant") in negligently, and/or willfully, contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**JURISDICTION AND VENUE**

2.  Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff's complaint alleges violations of a federal statute.  Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-

million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Moreover, and on information and belief, Defendant has made the same calls complained of by Plaintiff within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district.

## PARTIES

4. Plaintiff is a natural person and a citizen and resident of the State of Florida.

5. DirecTV, LLC is a limited liability company organized and existing under the laws of the State of California.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. The TCPA was passed into law in 1991. The TCPA regulates and restricts the use of automatic telephone equipment.

7. The TCPA protects consumers from unwanted calls and text messages that are made with autodialers and with prerecorded messages.

8. Specifically, 47 U.S.C. § 227(b) provides:

> **(1) Prohibitions**
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*   \*   \*

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

9. Individuals, including Plaintiff and members of the Class, who receive calls in violation of the TCPA suffer concrete injuries analogous to common law torts such as invasion of privacy, intrusion on seclusion, trespass to chattels and conversion. *See Palm Beach Golf Center v. John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1250–51 (11th Cir. 2015) (owner of facsimile machine has Article III standing to sue where he loses use of that machine); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) ("An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance"); *Bagg v. Ushealth Group, Inc.*, Case No. 6:15-cv-1666-Orl-37GJK, 2016 WL 1588666, at *3 (M.D. Fla. Apr. 20, 2016)("'Courts have consistently held that the TCPA protects a species of privacy interest in the sense of seclusion,' and recognize that the sending of an unsolicited fax constitutes an invasion of privacy.")(quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1249 (10th Cir. 2006)); *Jamison v. Esurance Insurance Services, Inc.*, Case No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016)("From this, the Court concludes that an individual suffers an injury in fact from unauthorized telephone contact when it causes an incurrence of charges, a reduction in usable minutes, or occupation of the telephone line, making it unavailable for other use."); *Johnson v. Navient Solutions, Inc.*, Case No. 1:15-cv-00716-LJM-MJD, 2015 WL 8784150, at *2 (S.D. Ind. Dec. 15, 2015)("Based on the allegations in the Complaint and the TCPA's protection of

Johnson's privacy rights, the Court concludes that Johnson has stated a claim for actual harm, upon which he may rely to provide standing.")(citing *Schumacher v. Credit Protection Ass'n*, Cause No. 4:13–cv–00164–SEB–DML, 2015 WL 5786139, at *5 (S.D. In. Sept. 30, 2015)("Here, [plaintiff's] TCPA-created right to privacy was invaded by repeated automated calls from CPA."); *Weisberg v. Kensington Professional and Associates, LLC*, Case No. 15-cv-08532, 2016 WL 1948785, at *3 (C.D. Cal. May 3, 2016)("The invasion of privacy and the allegation that the illegal calls cost Plaintiff and the class money — financial harm — are not speculative future injuries or injuries based on the violation of rights provided in a statute. Thus…Plaintiff does allege actual monetary damages."); *Lathrop v. Uber Technologies, Inc.*, Case No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016)("Plaintiffs allege they and members of the class 'suffered damages in the form of text message, data, and other charges to their cellular telephone plans.' Id. ¶ 116. Based on the allegations in the Second Amended Complaint, the Court concludes that Plaintiffs have sufficiently stated an injury in fact."); *Fini v. Dish Network, L.L.C.,* 955 F.Supp.2d 1288, 1296–97 (M.D. Fla. 2013) (plaintiff has standing to sue where she lost use of cellular service for which she previously had paid).

10.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

11. The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. *See* 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls...."). *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1123-1124 (11th Cir. 2014).

12. With respect to telemarketing, 47 C.F.R. § 64.1200(c) provides:

No person or entity shall initiate any telephone solicitation to:

(1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location), or

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

13. The term *telephone solicitation* means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, excluding calls made with prior express written consent, or made by or on behalf of a tax-exempt nonprofit organization. *See* 47 C.F.R. § 64.1200(f)(14); *In re Joint Petition Filed by Dish Network, LLC,* 28 FCC Rcd. 6574, 6574 (2013).

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF SHEHAN WIJESINHA**

14. At all times relevant, Plaintiff was a citizen of the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15. In or around October 2013 Plaintiff entered into a two (2) year contract with Defendant for television service.

16. In October 2015, Plaintiff ended his contractual relationship with Defendant and paid all amounts owed to Defendant.

17. Over the course of the following months, Plaintiff received multiple automated calls from Defendant to his cellular telephone with telephone number ending in 7557 (the "7557 Number").

18. In all calls answered by Plaintiff, individuals who claimed to work for Defendant attempted to convince Plaintiff to return as Defendant's customer.

19. Defendant's calls to Plaintiff featured a few seconds of silent "dead air" before Plaintiff heard a human voice, which demonstrates that Defendant placed these calls using a predictive dialer, which is an Automatic Telephone Dialing System within the scope of the TCPA.

20. Defendant's calls to Plaintiff included at least two calls from telephone number 210-332-4065. Plaintiff's telephone records indicate he received calls from this number on various dates including December 29, 2015 and April 4, 2016.

21. Calls placed to 210-332-4065 are answered by a recording which begins with "Hello, you have reached DirecTV."

22. Plaintiff has never provided Defendant with consent to receive automated solicitation calls.

23. Plaintiff is the subscriber and sole user of the 7557 Number, and is financially responsible for phone service to the 7557 Number.

24.     The 7557 Number has been registered with the National Do-Not-Call Registry[1] since September 13, 2005.

25.     Defendant's calls were a nuisance which briefly deprived Plaintiff of the use of his phone, invaded his personal privacy, and wasted his time.  Additionally, Plaintiff incurred a reduction in his cellular battery life as a result of Defendant's calls.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

27.     Plaintiff represents, and is a member of the following classes:

***The ATDS Class*** consisting of: (1) all persons residing within the United States (2) who received a telephone call from Defendant (3) to their cellular telephone (4) within the four years prior to the filing of the Complaint in this action, (5) for the purpose of selling or attempting to sell Defendant's goods and/or services (6) using an automatic telephone dialing system (7) who did not provide prior express consent for such call(s).

***The Former Customer Sub-Class*** consisting of: (1) all persons residing within the United States (2) who received a telephone call from Defendant (3) to their cellular telephone (4) within the four years prior to the filing of the Complaint in this action, (5) for the purpose of convincing the recipient to return as a customer of Defendant (6) using an automatic telephone dialing system (7) who did not provide prior express consent for such call(s).

***The DNC Class*** consisting of: (1) all persons within the United States who, (2) within the four years prior to the filing of this Complaint, (3) received more than one telephone call (4) to said person's cellular telephone number (5) within any 12-month period, (6) by or on behalf of the same entity, (7) without their prior express consent, (8) while listed on the national Do Not Call Registry.

**Numerosity**

28.     Upon information and belief, based off of Defendant's identity as a national television service provider as well as widespread internet complaints about Defendant's

---

[1] The National Do-Not-Call Registry allows individuals to register their phone numbers on a national "do-not-call list," and prohibits most commercial telemarketers from calling the numbers on that list. *Mainstream Marketing Services, Inc. v. F.T.C.*, 358 F.3d 1228, (10th Cir. 2004).

telemarketing calls, the members of the class are believed to number in the thousands or millions such that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

**Common Questions of Law and Fact**

30. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendants made non-emergency calls to Plaintiff's and Class members' cellular telephones using an autodialer and/or prerecorded message;

   b. Whether Defendants can meet its burden of showing that they obtained prior express consent to make such calls;

   c. Whether Defendants' conduct was knowing and willful;

   d. Whether Defendants are liable for damages, and the amount of such damages; and

   e. Whether Defendants should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. Defendant routinely places automated calls to telephone numbers assigned to cellular telephone thus, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### Protecting the Interests of the Class Members

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes, and has retained counsel who is experienced in prosecuting class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### Proceeding Via Class Action is Superior and Advisable

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes are economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. 227(b).

36. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

37. Defendant violated the TCPA by making telephone calls to Plaintiff, the ATDS Class members and the Former Customer Sub-Class members on their cellular phones without first obtaining their prior express consent and using equipment which constitutes and automatic telephone dialing system for the express purpose of marketing Defendant's goods and/or services.

38. Defendant's calls caused Plaintiff, the ATDS Class members, and the Former Customer Sub-Class members concrete injuries including, but not limited to, invasion of their personal privacy; nuisance and disruption in their daily lives; reduction in cellular telephone battery life; and loss of use of their cellular telephones.

39. As a result of the aforementioned violations of the TCPA, Plaintiff, the ATDS Class, and the Former Customer Sub-Class are entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such future conduct.

   **WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant for the following:

   a. Injunctive relief prohibiting violations of the TCPA by Defendants in the future;
   b. Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B); and
   c. Such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(c)

41. Plaintiff re-alleges and incorporates paragraphs 1-35 as if fully set forth herein.

42. Plaintiff and other members of the DNC Class received more than one telephone call within a 12-month period, by or on behalf of Defendant, for the express purpose of marketing Defendant's goods and/or services without their written prior express consent.

43. Defendant's calls caused Plaintiff and the DNC Class members concrete injuries including, but not limited to, invasion of their personal privacy; nuisance and disruption in their daily lives; charges and/or reduction in cellular telephone battery life; and loss of use of their cellular telephones.

44. As a result of the aforementioned violations of the TCPA, Plaintiff and the DNC Class are entitled to an award of up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

45. Additionally, Plaintiff and the DNC Class are entitled to and seek injunctive relief prohibiting such future conduct.

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendants in the future;

b. Statutory damages of $1500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B); and

c. Such other relief as this Court deems just and proper.

Dated: June 8, 2016

*/s/ Scott D. Owens*
Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Fax: (954) 337-0666
scott@scottdowens.com
*Attorney for Plaintiff and the putative classes*