UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 1:16-cv-22090-KMM

SHEHAN WIJESINHA,
individually and on behalf of all others
similarly situated,

        Plaintiff,

v.

DIRECTV, LLC,

        Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN
OPPOSITION TO MOTION FOR RECONSIDERATION**

Plaintiff, Shehan Wijesinha, pursuant to Southern District Local Rule 7.1, hereby files his Reply to Defendant's Brief in Opposition to Motion for Reconsideration [ECF No. 22], and states as follows:

**I.  INTRODUCTION**

Defendant's failure to advance a single persuasive argument is further proof that reconsideration is warranted in this case.  Unable to avoid the fact that *Andermann v. Sprint Spectrum L.P.*, 785 F.3d 1157 (7th Cir. 2015) supports Plaintiff's arguments, Defendant instead chooses to ignore the relevant facts of *Andermann*, focusing instead on issues that are not in dispute.  Ultimately, however, Defendant cannot escape the conclusion that *Andermann* mandates a holding in Plaintiff's favor.  Further, Defendant's claim that Plaintiff relies on an incorrect legal standard in seeking reconsideration is simply incorrect.  Plaintiff moved under the correct standard, which has been cited favorably by this Court.  In all, Defendant's opposition

1

lends further support to Plaintiff's argument that reconsideration and denial of Defendant's arbitration demand are proper.

## II. ARGUMENT

### A. Defendant Ignores the Relevant Facts of *Andermann*.

In its response, Defendant purports to "clarify" the facts of *Andermann* for the benefit of this Court. [ECF No. 22, pg. 3]. In "clarifying" *Andermann*, however, Defendant simply ignores the relevant facts of the case. Defendant's analysis focuses almost exclusively on the fact that the Andermanns' service agreements had terminated before Sprint placed pre-recorded calls to the Andermanns. *See Id*. Plaintiff does not dispute this and did not dispute it in his Motion for Reconsideration.[1] Contrary to Defendant's mischaracterization, the relevant inquiry is not whether Sprint's calls were placed after termination of the Andermanns' service agreements, but whether the calls were related to the Andermanns' service agreements or unrelated telemarketing calls.

Tellingly, Defendant does not acknowledge Sprint's own characterization of the calls. As stated by Sprint:

> It was the sale of the [Andermanns'] Service Agreements, and impact such sale had on the services the Andermanns were receiving thereunder, that prompted Sprint's calls to the Andermanns. **Without this sale and corresponding impact on services, it is undisputed that Sprint would not have called the Andermanns' cell phones**.

[ECF No. 21-2 at pg. 21]; (emphasis supplied).

As outlined in Plaintiff's Motion for Reconsideration, Plaintiff respectfully submits this Court misunderstood the nature of the calls at issue in the *Andermann* case. Sprint's calls were

---

[1] "While it is true that the Andermanns' had already ported their numbers to a new company before receiving Sprint's messages, Sprint was nevertheless contacting the Andermanns' for the primary purpose of advising them of the termination of their existing services." [ECF No. 21 at pg. 5].

2

not unrelated telemarketing calls like the calls in this case, but rather informational calls related directly to the Andermanns' service agreements. Whether the calls occurred before or after the termination of the service agreements is immaterial. The inquiry before the court in *Andermann* was whether the calls were related to the service agreements and, therefore, fell within the scope of the arbitration clause contained in the service agreements.

In light of the content of Sprint's calls, Defendant cannot dispute that the calls were informational calls related to the Andermanns' service agreements:

> Hi, this is Gloria calling from Sprint to **inform you that**, recently, **U.S. Cellular sold certain assets to Sprint, including some customer accounts. Your account was included in the sale**. At Sprint, we have a great set of offers and devices available to fit your needs. You may return our call by dialing 877-624-0262 at your convenience from 9 a.m. to 9 p.m. Central Standard Time, Monday through Saturday.

[ECF No. 21-1 ¶ 8]; (emphasis supplied). Therefore, *Andermann* supports Plaintiff's original argument that arbitration is not warranted because Defendant's calls, unlike the calls in *Andermann*, constituted telemarketing unrelated to Plaintiff's Service Agreement.

Further, Defendant contends that arbitration was properly granted because its calls were related to Plaintiff's "agreement and service." [ECF No. 22, pg. 4]. This argument ignores the plain language of Plaintiff's Service Agreement. Plaintiff and Defendant agreed to arbitrate disputes "relating to this Agreement, any addendum, or your **Service**…" [ECF No. 11-3 at § 9]; (emphasis supplied). There is no question that Defendant's calls to Plaintiff did not relate to the Service Agreement or any addendum to the Agreement. Therefore, the remaining inquiry is whether Defendant's calls were related to Plaintiff's "Service," a capitalized and specific term as used in the Service Agreement.

Under the terms of the Service Agreement, "Service will continue until canceled as provided herein." *Id*. at § 5.  At the time Defendant placed its automated calls, Plaintiff's Service had terminated and all amounts owed by Plaintiff paid.  Consequently, Defendant's calls could not have been related to Plaintiff's Service because that Service was no longer in effect.  Defendant's calls were not related to the Service Agreement or Service, but were instead telemarketing calls seeking to convince Plaintiff to enter into a *new* Service Agreement for *new* Service.

A dispute arises from a contract if the tort in question is a "foreseeable result of the performance of contractual duties." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. 2011).  In other words, "some direct relationship" must exist between the plaintiff's claim and the contract containing the arbitration clause.  *Id*.  Here, Defendant was not performing its contractual duties at the time it placed automated telemarketing calls to Plaintiff because the contract had been cancelled by Plaintiff.  Additionally, there was no relationship between Defendant's telemarketing calls and Plaintiff's Service, which had been terminated before Defendant placed its calls.

### B. **Plaintiff Relies on the Correct Legal Standard**.

As stated in Plaintiff's motion, a district court must exercise reasonable discretion when ruling motion for reconsideration.  *White v. Bank of America Bank, N.A.*, 2014 WL 7356447 at *5 (11th Cir. Dec. 29, 2014). This is the correct standard and has been cited favorably by this Court.  *See Craddock v. M/Y The Golden Rule*, 110 F. Supp. 3d 1267, 1271-72 (S.D. Fla. 2015)(Moore, C.J.)(*"*The decision whether to grant or deny a motion to reconsider is within the court's discretion.")(citing *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).  "The purpose of a motion for reconsideration is 'to permit the trial

4

judge to reconsider . . . matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal.'" *JTR Enters., LLC v. An Unknown Quantity*, No. 11-cv-10074-KMM, 2014 U.S. Dist. LEXIS 188887, at *2 (S.D. Fla. July 10, 2014) (citing *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (11th Cir. 1977))).

Here, Plaintiff has demonstrated that reconsideration is warranted. This Court appears to have mistakenly applied the *Andermann* opinion in reaching its conclusion. Plaintiff respectfully submits that this error must be corrected to avoid manifest injustice to Plaintiff and members of the putative class. Plaintiff has sufficiently met his burden and respectfully requests for this Court to reconsider its decision to compel arbitration.

### III. CONCLUSION

Defendant fails to advance a single compelling argument in response to Plaintiff's well-founded motion. As demonstrated by Plaintiff, the reasoning and holding in *Andermann* support a ruling denying arbitration in this case.

**WHEREFORE**, Plaintiff, Shehan Wijesinha, requests an Order (1) granting Plaintiff's Motion for Reconsideration; (2) vacating the Court's Order Granting Motion to Compel Arbitration; (3) denying Defendant's Motion to Compel Arbitration; and (4) granting all such other and further relief deemed just and equitable under the circumstances.

Dated: December 7, 2016

        Respectfully submitted,

        */s/ Scott D. Owens*
        Scott D. Owens, Esq.
        Florida Bar No. 0597651
        3800 S. Ocean Dr, Ste 235
        Hollywood, FL 33019
        Tel: 954-589-0588
        Fax: 954-337-0666
        scott@scottdowens.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on December 7, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel of parties, if any, who are not authorized to receive electronically Notice of Electronic Filing.

        By: */s/ Scott D. Owens*
            Scott D. Owens, Esq.