UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-22090-KMM

SHEHAN WIJESINHA,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

DIRECTV, LLC,

    Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS CAUSE came before the Court upon Plaintiff's Motion for Reconsideration (the "Motion") (ECF No. 21) of the Court's Order Granting Motion to Compel Arbitration (the "Order") (ECF No.19). Defendants filed a Response (ECF No. 22) and Plaintiff filed a Reply (ECF No. 27). Plaintiff also filed a Notice of Supplemental Authority (ECF No. 29). For the reasons that follow, the Motion is DENIED.

The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously. *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

Here, Plaintiff argues that reconsideration is warranted because: (1) the Court's analysis of *Andermann v. Sprint Spectrum, LP*, 785 F.3d 1157 (7th Cir. 2015) is incorrect and in fact supports denial of the motion to compel arbitration; and (2) "new authority supports the proposition that overly broad arbitration clauses are not perpetual in their application to disputes unrelated to the underlying agreement." *See* Motion at 1-2. The new authority cited by Plaintiff in support of the Motion is a case recently decided in the Eastern District of New York, *Wexler v. AT&T Corp.*, 15-CV-0686 (FB) (PK), 2016 WL 5678555 (E.D.N.Y. Sept. 30, 2016), and a case recently decided by the Court of Appeals for the Sixth Circuit, *Stevens-Bratton v. Trugreen, Inc.*, No. 16-5161, 2017 U.S. App. LEXIS 632 (6th Cir. Jan. 11, 2017).

Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court finds that neither of Plaintiff's arguments satisfies any of the three grounds upon which a motion for reconsideration should be granted. Accordingly, the Motion for Reconsideration is hereby DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of February, 2017.

                                                                                                _____
                                                                                                K. MICHAEL MOORE
                                                                                                UNITED STATES DISTRICT JUDGE

c:   All counsel of record